**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6378**

JOHN W. ICKES, JR.,

                Petitioner - Appellant,

         v.

WARDEN OF THE GREENSVILLE CORRECTIONAL CENTER,

                Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:14-cv-00028-JRS-RCY)

Submitted:  July 27, 2015                    Decided:  July 30, 2015

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Woodward Ickes, Jr., Appellant Pro Se.  John H. McLees, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Woodward Ickes, Jr., seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2254 (2012) petition for failure to exhaust state court remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Ickes has made the requisite showing for issuance of a certificate of appealability. However, an alternative jurisdictional procedural ground for dismissal appears on the

face of the record—specifically, the state court issued a civil commitment order while the § 2254 proceedings were pending, thereby rendering the § 2254 petition moot. Accordingly, we grant a certificate of appealability, vacate the district court's order, remand the case to the district court, and instruct the district court to dismiss the petition for lack of jurisdiction. See Reid v. Angelone, 369 F.3d 363, 372 & n.5, 374 & n.7 (4th Cir. 2004) (outlining procedures). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED